**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 21-CV-80115-MIDDLEBROOKS/Matthewman

DONALD BUHLER,

    Petitioner,

v.

SECRETARY, DEPARTMENT OF
CORRECTIONS, STATE OF FLORIDA,

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION IN PART

THIS CAUSE comes before the Court upon the Amended Report and Recommendation ("Report") issued by Magistrate Judge William Matthewman on January 26, 2024. (DE 19). On June 28, 2018, a jury found Petitioner guilty on two counts—sexual battery upon a person less than twelve years of age and lewd and lascivious molestation of a minor female victim. Petitioner now challenges the constitutionality of his conviction, and he filed a § 2254 Petition for Writ of Habeas Corpus (DE 1). The Report recommends that I deny Petitioner's Petition. It further recommends that I grant a certificate of appealability as to ground seven in the Petition.

Petitioner filed objections to the Report on March 22, 2024, after I extended the deadline several times as a result of a family emergency with Petitioner's counsel. (DE 21, DE 23, DE 25). Now, in his objections, Petitioner raises eight "grounds" as objections to the Magistrate's Report. Such grounds are repetitive of the ones raised before Judge Matthewman and thoroughly considered in his Report. Upon a de novo review of Judge Matthewman's Report, the objections, and the overall record, I am going to overrule the objections as I find Judge Matthewman thoroughly considered Petitioner's arguments and reached the correct conclusions. However, I

decline to issue a certificate of appealability as to ground seven of the report, like the Magistrate suggests, and I decline to issue a certificate of appealability as to ground one, like Petitioner requests.

In his Report, Judge Matthewman recommends I issue a certificate of appealability as to Petitioner's seventh ground for habeas, which is whether the use of a six-person jury in a capital sexual battery case violates Petitioner's Sixth Amendment constitutional rights as applied to the states through the Fourteenth Amendment. "[W]hen a habeas corpus petitioner seeks to initiate an appeal of the dismissal of a habeas corpus petition" pursuant to 28 U.S.C. §§ 2254-55, "the right to appeal is governed by the certificate of appealability requirements . . . found at 28 U.S.C. § 2253(c)." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Pursuant to § 2253(c)(2), a district court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). At this point, Petitioner has not demonstrated that his constitutional rights were compromised by the trial judge's decision to allow a six-person jury. *See Williams v. Florida*, 399 U.S. 78, 103 (1970) (upholding Florida's use of a six-person jury under the Sixth Amendment as applied to the states through the Fourteenth Amendment). Although Judge Matthewman points out that Florida is an outlier in allowing six-person juries in serious cases and that the law might be evolving to require twelve person juries for all serious crimes, the question on habeas is whether the state trial judge violated "clearly established federal law." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). As the holding of *Williams v. Florida* remains clear and controlling, I decline to adopt Judge Matthewman's recommendation in issuing a certificate of appealability as to ground seven.

Additionally, although Judge Matthewman found that Petitioner's first ground for habeas did not meet the *Slack* test for appeal, the Petitioner argues that he erred in this conclusion. Upon

a consideration of Petitioner's arguments, I also decline to issue a certificate of appealability as to ground one. The competency of a witness is a state evidentiary matter, and courts are "reluctan[t] to second-guess state evidentiary rulings on habeas review, rarely granting relief on the basis of such rulings." *Boykins v. Wainwright*, 737 F.2d 1539, 1544 (11th Cir. 1984). In this instance, a review of the trial transcript does not lead me to question that decision; the witness was live and present for cross-examination, acknowledged her understanding of the difference between a truth and lie, and answered some of the questions presented by the defense on cross-examination. Although it is true that she stated she "did not remember" or refused to answer many of the questions asked, I agree that any possible confrontation issue was not prejudicial to the jury's finding of guilt. Petitioner was afforded an opportunity to confront his accuser and impeach her. Any inability to do so effectively was mitigated by his ability to enter the victim's video deposition into the record and by the other particularly damning evidence against him, such as the phone call with the victim's mother when he admitted to "horseplay" with the victim, which included placing his mouth "on her tooshie." (DE 19 at 21); *see Mason v. Allen*, 605 F.3d 1114, 1124 (11th Cir. 2010) (holding that to reverse a conviction in light of a Confrontation Clause violation, the petitioner must show "prejudice").

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

(1) United States Magistrate Judge Matthewman's Amended Report and Recommendation (DE 19) is **RATIFIED, ADOPTED, AND APPROVED** in part.

(2) Petitioner's Petition (DE 1) is **DENIED**.

(3) The request for a certificate of appealability is **DENIED** as to all grounds raised in the petition.

(4) All pending motions are **DENIED** as moot.

(5) Final Judgment will issue by separate order.

**SIGNED** in Chambers in West Palm Beach, Florida, this 27 day of March, 2024.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record